IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON, | : |
|        Petitioner, | : |
| v. | :   Civ. Act. No. 07-767-JJF |
| RAPHAEL WILLIAMS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
|        Respondents. | : |

**MEMORANDUM ORDER**

**I. BACKGROUND**

Petitioner Ronald G. Johnson ("Petitioner") is incarcerated at the Howard R. Young Correctional Institution in Wilmington, Delaware. He filed an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 ("Petition") on November 26, 2007. (D.I. 1.) Petitioner avers that he was arrested and arraigned in the Justice of the Peace Court on November 7, 2007. He also states that Delaware Court of Common Pleas conducted a preliminary hearing on November 14, 2007 and on November 20, 2007, and that he requested, but never received, a police report and affidavit from the arresting officer. According to Petitioner, his trial is scheduled to begin on January 2, 2008, and he is being held "for lack of bail." (D.I. 1.)

Although difficult to decipher, Petitioner appears to argue that he has been denied his "Constitutional Right to Discovery

Information," thereby rendering his present pre-trial incarceration unconstitutional. (D.I. 1 at p. 2.) He asks the Court to immediately release him from custody. Id.

## II. DISCUSSION

Pursuant to Rule 4, 28 U.S.C. foll. 28 U.S.C. § 2254, a federal district court may summarily dismiss a habeas petition when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." In turn, a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(a) and (b)(1)(A); See also Rule 1, 2, 28 U.S.C. foll. § 2254. Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, a federal court cannot provide habeas review for pre-trial claims if the petitioner is trying to abort his state criminal proceeding because such adjudication would constitute premature litigation of constitutional defenses in federal court. See 28 U.S.C. § 2254(b); Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973)(noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state

court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

It is clear from the face of the pending Petition that Petitioner is not in custody pursuant to state court judgment because he has not yet undergone his state criminal trial. Additionally, the Court concludes that Petitioner is attempting to abort a state criminal proceeding because he requests immediate release rather than a speedy trial. Petitioner's brief filing does not demonstrate extraordinary circumstances justifying the Court's interference with a pending state court proceeding without having first exhausted state remedies. Moore, 515 F.2d at 443. Accordingly, the Court will summarily dismiss Petitioner's § 2241 petition.

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner Ronald G. Johnson's Petition For The Writ Of Habeas Corpus, filed pursuant to 28 U.S.C § 2241, is **DISMISSED**. (D.I. 1.)

2. The Court declines to issue a Certificate of

Appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

12/11/07
DATE

*Joseph J. Farnan, Jr.*
UNITED STATES DISTRICT JUDGE